# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6395 | **DATE** | August 15, 2012 |
| **CASE TITLE** | Jerome Giters (#2010-0108216) v. P.O. Ryan LaClair, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. The trust fund officer at Plaintiff's current place of incarceration is ordered to make deductions from Plaintiff's account and payments to the Clerk of Court as stated below. The Clerk is directed to send a copy of this order to the trust fund officer at the Cook County Jail. Plaintiff is given 30 days from the date of this order to show cause why his action should not be dismissed as untimely.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, Jerome Giters, a pre-trial detainee in custody at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that on October 6, 2009, Defendants, Chicago Police Officers LaClair and Parks and Chicago Police Sergeants Wieczorek and Murphy, subjected him to excessive force on arrest by shooting him, with a gun and with a taser. He further alleges that he was denied adequate medical care for his injuries for a period of three hours.

The court finds that Plaintiff is unable to prepay the filing fee. The court therefore grants Plaintiff's motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $20.67 pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at Plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. Thereafter, the trust fund officer at the correctional facility where Plaintiff is confined is directed to collect monthly payments from Plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by Plaintiff. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The trust officer at the Cook County Jail shall notify transferee authorities of any outstanding balance in the event the Plaintiff is transferred from the jail to another correctional facility.

AWL

# STATEMENT

Plaintiff's claims arise from his arrest on October 6, 2009. On that date, Plaintiff knew or should have known of the alleged wrongdoing. *See, e.g., Behavioral Inst. of Indiana v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). The Clerk of Court received Plaintiff's complaint on August 13, 2012, more than two years after the alleged violation of his rights.

The Court held in *Wilson v. Garcia*, 471 U.S. 261 (1984), that 42 U.S.C. § 1988 requires federal courts to borrow and apply a state's personal injury statute of limitations to all Section 1983 claims. The applicable statute in this instance is 735 ILCS 5/13-202 (2006), which provides that actions for damages shall be commenced within two years after the cause of action accrued. *Williams v. Lampe*, 399 F.3d 867, 869-70 (7th Cir. 2005); *Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992). The statute of limitations is not tolled merely because Plaintiff is incarcerated. *See Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992). Because more than two years have elapsed since Plaintiff's claims of excessive force and deliberate indifference to a serious medical condition arose, it appears that this action is time-barred. Before finally dismissing the case, however, the court will give Plaintiff an opportunity to show otherwise.

Plaintiff is directed within 30 days to show cause why this case should not be dismissed as untimely.

*[signature]*