# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer *RRP* | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6395 | **DATE** | September 12, 2012 |
| **CASE TITLE** | Jerome Giters (#2010-0108216) v. P.O. Ryan LaClair, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff has moved for reconsideration of the court's August 15, 2012 order directing him to show cause why his case should not be dismissed as untimely. Plaintiff has not shown adequate cause for his untimely filing, however, and the case must be dismissed on that ground. The motion for reconsideration [5] is denied, and the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. The case is terminated. Any other pending motions are denied as moot. This is one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). The dismissal of this case counts as a strike under 28 U.S.C. § 1915(g).

■ [For further details see text below.]                                                          Docketing to mail notices.

## STATEMENT

      Plaintiff, Jerome Giters, a pre-trial detainee in custody at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that on October 6, 2009, Defendants, Chicago Police Officers LaClair and Parks and Chicago Police Sergeants Wieczorek and Murphy, subjected him to excessive force during his arrest by shooting him and by using a taser. He further alleges that he was denied adequate medical care for his injuries for a period of three hours. Because it appeared that these events preceded the two-year statute of limitations for § 1983 actions, on August 15, 2012, the court ordered Plaintiff to show cause why this case should not be dismissed as untimely. *See Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002).

      In a motion to reconsider (which the court construes as a response to its order), Plaintiff argues for equitable tolling on several grounds, including (1) incarceration, and the inconvenience of being moved between institutions; (2) advice from his criminal attorney not to pursue a civil action until his criminal case was completed; and (3) ignorance of the law.

      Under applicable precedent, Illinois tolling doctrines are incorporated into the two-year statute of limitations period that is borrowed for purposes of the Section 1983 claims. *See, e.g., Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001) ("Because the chronological length of the limitation period is interrelated with provisions regarding tolling, revival, and questions of application, federal courts must also borrow the state's tolling rules-including any equitable tolling doctrines.") (internal quotation marks, punctuation and citation omitted); *accord, e.g., id.* (analyzing a statute of limitations argument relating to the plaintiff's Section 1983 claim under 735 ILCS 5/13-216, the "relevant tolling statute"); *Smith v. City of Chicago Heights*, 951 F.2d 834, 841 (7th Cir. 1992). Equitable tolling permits a plaintiff to avoid the statute of limitations bar if, despite the exercise of diligence, he was unable to file his claim in a timely fashion. *Shropshear v. Corp. Counsel of the City of Chicago,* 275 F.3d 593, 595 (7th Cir. 2001). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Williams v. Buss*, 538 F.3d 683, 685 (7th Cir, 2008). Equitable tolling is granted sparingly. *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000).

**(CONTINUED)**

|  | AWL |
|---|---|

## STATEMENT

Plaintiff's arguments for tolling in this case are insufficient. First, he alleges that he was unable to pursue his claims because he was being transferred between correctional facilities. Courts have consistently refused, however, to hold that prison transfers constitute the kind of extraordinary circumstances that justify equitable tolling. *Montenegro v. United States of America*, 248 F.3d 585, 595 (7th Cir. 2001); *see also Modrowski v. Mote*, 322 F.3d 965, 967 (7th Cir. 2003). With respect to Plaintiff's contention that he was unable to access his legal property, he does not indicate what property was missing that might have assisted him in filing a timely claim, and makes no showing that he diligently attempted to pursue replacement of any necessary materials.

Plaintiff's second argument fares no better. Attorney misinformation, misconduct, or even negligence is not a circumstance that warrants equitable tolling. *Powell v. Davis*, 415 F.3d 722 (7th Cir. 2005); *Modrowski v. Mote*, 322 F.3d 965, 968 (7th Cir. 2003) ("The rationale is that attorney negligence is not extraordinary and clients, even if incarcerated, must 'vigilantly oversee,' and ultimately bear responsibility for, their attorneys' actions or failures.").

Finally, the Seventh Circuit has repeatedly held that a litigant's ignorance of the law does not justify equitable tolling. *See Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006)("Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling.").

The complaint is dismissed pursuant to § 1915A. The dismissal of this case counts as a "strike" under 28 U.S.C. § 1915(g). The court reminds Plaintiff that if a prisoner accumulates three strikes (if he has had three federal cases or appeals dismissed as frivolous, malicious, or for failure to state a claim), he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike" under 28 U.S.C. § 1915(g).

*[Signature: Rebecca R. Pallmeyer]*