Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer *RRP* | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6395 | **DATE** | November 8, 2012 |
| **CASE TITLE** | Jerome Giters (#2010-0108216) v. P.O. Ryan LaClair, et al. | | |

**DOCKET ENTRY TEXT:**

Order entered on 11/07/12 [17] is hereby vacated. Plaintiff has submitted a motion for leave to appeal *in forma pauperis* to the Court of Appeals, which directed that the motion be forwarded to the District Court. Plaintiff's motion for leave to appeal *in forma pauperis* [#16] is denied. The court certifies that the appeal is not taken in good faith and orders the plaintiff to pay the appellate fees of $455 within fourteen days or the Court of Appeals may dismiss his appeal for want of prosecution. Plaintiff's motion to amend his complaint is denied. The Clerk is directed to send a copy of this order to the PLRA Attorney, U.S. Court of Appeals for the Seventh Circuit.

■ [**For further details see text below.**]      Docketing to mail notices.

## STATEMENT

Plaintiff has filed a notice of appeal from the judgment entered on September 12, 2012, and seeks leave to proceed *in forma pauperis*. Plaintiff filed suit on August 13, 2012, alleging excessive force on arrest by Chicago Police Defendants on October 6, 2009. On August 15, 2012, the court ordered Plaintiff to show cause as to why his complaint should not be dismissed as untimely. Plaintiff responded to the order to show cause with a motion to reconsider, detailing the reasons why he believed he was entitled to equitable tolling. As explained in an order entered on September 12, 2012, this court finds that Plaintiff failed to carry his burden. For the reasons explained in that order, the court now concludes that this action does not raise a substantial issue meriting appellate review. The court therefore certifies, pursuant to 28 U.S.C. § 1915(a)(3), that the appeal is not in good faith and that no appeal should be taken.

Under the rules of the U.S. Court of Appeals for the Seventh Circuit, if the district court certifies that an appeal is not taken in good faith, the appellant cannot prosecute the appeal *in forma pauperis* but rather must pay the appellate fees in full in order for the appeal to go forward. *See Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). If Plaintiff wishes to contest this court's finding that the appeal is not taken in good faith, he must file a motion with the Court of Appeals seeking review of this Court's certification within thirty days of service of this order. *See* FED. R. APP. P. 24(a)(5).

**(CONTINUED)**

AWL

| **STATEMENT (continued)** |
|---|

In sum, Plaintiff's motion for leave to appeal *in forma pauperis* is denied. Plaintiff is ordered to remit to the Clerk of the Court the $455 appellate fee within fourteen days of the date of this order. If Plaintiff fails to comply with this order, the Court of Appeals may dismiss his appeal. Plaintiff is responsible for ensuring payment of the filing fees as directed by this order, and should ensure that the institution having custody of him transmits the necessary funds. Nonpayment for any reason other than destitution shall be construed as a voluntary relinquishment of the right to file future suits *in forma pauperis*. The obligation to ensure full payment of the filing fees imposed by this order shall not be relieved by release or transfer to another prison. Plaintiff is under a continuing obligation to inform the Clerk of this Court in writing of any change of address within seven days.

Payment shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor. Payment should clearly identify Plaintiff's name, as well as the district court and appellate court case numbers assigned to this action.

The Clerk is directed to send a copy of this order to the PLRA Attorney, United States Court of Appeals for the Seventh Circuit.